UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-357-GWU

DONNA CLAYBORN, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Donna Clayborn brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

07-357  Donna Clayborn

>    Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).
>
> 5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

07-357  Donna Clayborn

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Clayborn, a 37-year-old former care giver with a "limited" education, suffered from impairments related to discogenic and degenerative disorders of the back, post-traumatic stress disorder, and major depression. (Tr. 18, 25). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 22, 25). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 25-26). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 26).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erred in evaluating Clayborn's mental status. However, the current record also does not

mandate an immediate award of SSI. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Katherine Bradford included an exertional restriction to medium level work reduced from a full range by such non-exertional limitations as (1) an inability to more than occasionally stoop, kneel, or crouch; (2) a need to avoid exposure to vibrating or hazardous machinery; (3) an inability to perform jobs requiring reading; (4) a limitation to jobs requiring one to handle only simple, one-two step instructions; and (5) a "severely" limited ability to deal with work stress. (Tr. 552). The witness identified a significant number of jobs which could still be performed. (Id.). However, review of the record reveals that this question did not fairly characterize Clayborn's mental condition as required by Varley. Therefore, a remand of the action for further consideration is required.

Psychologist Phil Pack examined Clayborn at the request of the administration. (Tr. 315). Intelligence testing revealed verbal and full scale IQ scores in the mild mental retardation range which Pack did not find to be valid. (Tr. 319). However, the examiner indicated that her scores appeared to have been somewhat negatively affected by her levels of anxiety rather than malingering. (Id.). The psychologist diagnosed an anxiety disorder, borderline intellectual functioning and a personality disorder. (Id.). Pack rated the plaintiff's ability as "fair to poor" in

such areas as understanding, remembering and carrying out instructions, sustaining attention to perform repetitive tasks, and general adaptability. (Tr. 320). The claimant's ability was rated as "fair" in relating to others. (Id.). These mental restrictions, particularly those concerning sustaining attention for repetitive tasks, adapting, and relating to others were not fully reflected in the hypothetical question presented to the vocational expert. Therefore, this opinion does not provide support for the administrative decision.

Clayborn's mental condition was also evaluated by Psychologist Robert Spangler at the request of her legal representative. (Tr. 405). Spangler diagnosed post-traumatic stress disorder, a major depressive disorder, and borderline intelligence. (Tr. 409). The examiner indicated that the plaintiff's ability would be "poor or none" in such areas as dealing with work stresses, handling complex and detailed instructions and demonstrating reliability. (Tr. 412-413). The claimant's ability was rated as "fair" in such areas as relating to co-workers, dealing with the public, maintaining attention and concentration, handling simple instructions, behaving in an emotionally stable manner, and relating predictably in social situations.[1]  (Id.). These are also more extensive and severe mental restrictions

---

[1]"Fair" was defined as "ability to function in this area is seriously limited but not precluded" while "poor or none" was defined as "no useful ability to function in this area." (Tr. 412).

9

07-357  Donna Clayborn

than those found by the ALJ.  Therefore, this opinion also does not support the administrative decision.

Psychologists Edward Ross (Tr. 443-447) and Ilze Sillers (Tr. 448-452) each reviewed the record.  The reviewers each opined that Clayborn would be "moderately" limited in such areas as understanding, remembering and carrying out detailed instructions, maintaining attention and concentration, interacting appropriately with the general public and responding appropriately to changes in the work setting.  These mental restrictions are also more extensive than those presented in the hypothetical question.  Therefore, these opinions also do not support the administrative decision.

Clayborn sought treatment for her mental problems at the Cumberland River Comprehensive Care Center.  (Tr. 351-363, 471-475).  The plaintiff was diagnosed as suffering from a major depression.  (Tr. 353).  However, the issue of work-related restrictions was not addressed.  Therefore, these records also do not support the administrative decision.

Review of the record reveals that all of the mental health professionals who expressed an opinion concerning Clayborn's mental condition identified more severe mental limitations than those found by the ALJ.  Therefore, the mental factors of the hypothetical question did not fairly depict the plaintiff's condition and a remand of the action for further consideration is required.

07-357  Donna Clayborn

With regard to the framing of Clayborn's physical restrictions, the court finds no problem based on the current record.  The plaintiff asserts that the ALJ erred by not including in the hypothetical question all of the physical restrictions identified by Dr. Kevin Croce, an examining consultant.  Dr. Croce reported that the claimant would have "difficulties" performing such activities as bending over, squatting repetitively, and running or carrying heavy objects.  (Tr. 323).  However, the hypothetical question's restriction to medium level work would accommodate the lifting and carrying restriction and the limitations concerning stooping, kneeling and crouching would be adequate to cover the other restrictions.  Therefore, the court finds no error with this portion of the administrative decision.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 16th day of July, 2008.



**Signed By:**
*G. Wix Unthank*
**United States Senior Judge**

11